IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FESTUS KANDJABANGA,** | : | |
| *Plaintiffs*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **DREXEL UNIVERSITY** | : | No. 16-1114 |
| *Defendant*. | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                                                  JUNE 2, 2016

On July 10, 2015, the plaintiff filed a *pro se* complaint in Philadelphia Court of Common Pleas against Defendant Drexel University, alleging a breach of contract. On January 26, 2016, the plaintiff, still acting *pro se*, filed a separate complaint in federal court against Drexel and seven individual Drexel administrators and professors, alleging multiple causes of action under Section 1983 for violations of his federal civil rights. On February 24, 2016, in the state court action, the plaintiff filed a "miscellaneous motion," requesting injunctive relief against Drexel pursuant to his breach of contract claim. In this motion, however, he referenced many of the same facts alleged in his federal complaint. On March 9, 2016, Drexel moved to remove the state court action to federal court on the basis that Mr. Kandjabanga's state court action raised federal claims. Mr. Kandjabanga then moved for remand (Doc. No. 4), which the defendant has opposed, (Doc. No. 5).

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in state court for which the district courts of the United States would have had original jurisdiction. As the parties here are not diverse, the Court would only have original jurisdiction over the matter if Mr. Kandjabanga's state action raised a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

"An action arises under the laws of the United States *if and only if* the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Kalick v. United States*, 35 F. Supp. 3d 639, 645 (D.N.J. 2014), *aff'd,* 604 F. App'x 108 (3d Cir. 2015), *cert. denied*, 136 S. Ct. 141 (2015) (citing *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir. 1974)) (emphasis added).

Here, Mr. Kandjabanga has sought no such federal remedy. The Court has reviewed the state court pleadings attached to the defendant's response in opposition to the motion for remand as well as the notice of removal, and it is clear that despite parallels in the facts alleged in the state and federal proceedings, Mr. Kandjabanga has only alleged a state common law cause of action in his state court action that was removed here to federal court. The Court cannot read a federal cause of action into the plaintiff's state complaint for purposes of establishing jurisdiction simply because Mr. Kandjabanga alleges facts which theoretically could give rise to a federal cause of action. *See Caterpillar*, 482 U.S. at 392 n.7 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon") (Holmes, J.)).

This Court does not have original jurisdiction over Mr. Kandjabanga's state common law claims. Therefore, the removal was improper. The Court will remand to the state court, as provided in the accompanying Order. This ruling does nothing to affect the status of Mr. Kandjabanga's separate action, docketed at Civil Action Number 16-0423.

BY THE COURT:

S/Gene E.K. Pratter  
GENE E.K. PRATTER  
United States District Judge